**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

JOSHUA K. LAWTON,

Plaintiff,

v. CIVIL ACTION NO. 3:26-0439

KEITH HIGGINBOTHAM,
(individually and in his capacity as a police officer for the Milton Police Department and the City of Milton (WV)),
DALLAS SCARBERRY,
(individually and in his capacity as a police officer for the Milton Police Department and the City of Milton (WV)),
THOMAS WITHERS,
(individually and in his capacity as a police officer for the Milton Police Department and the City of Milton (WV)),
JOSEPH A. PARSONS,
(individually and in his capacity as the former Chief of Police for the Milton Police Department and the City of Milton (WV)),
CITY OF MILTON, WEST VIRGINIA
(a West Virginia political subdivision), and
JOHN DOE I-V,

Defendants.

**MEMORANDUM OPINION AND ORDER**

On October 5, 2026, the Court issued an Order directing Plaintiff Joshua K. Lawton to demonstrate good cause for not serving the Defendants with process. ECF No. 4. Plaintiff then filed the instant Response to the Court's Order to Show Cause and Request for Leave to Complete Service (Response to the Order to Show Cause, ECF No. 5).

## BACKGROUND

In his Response to the Order to Show Cause, Plaintiff represents several defects in the service of Defendants Keith Higginbotham, Dallas Scarberry, Thomas Withers, Joseph A. Parsons, and the City of Milton. *See* Resp. Order Show Cause. First, Defendants Higginbotham, Scarberry, Withers, and Parsons were served after the Rule 4(m) ninety-day period had ended, with delays ranging from one to eight days. *Id.* at 2, 4. Second, as to all Defendants, Plaintiff delivered pre-filing copies of the Complaint and proposed summonses, rather than Court-issued summonses. *Id.* at 2. The Complaint copies lacked the civil action number, and the summonses lacked the civil action number, the Clerk's signature, and the Court's seal. *Id.* at 3–4. Plaintiff now asks the Court to find that good cause exists for the delayed service of Defendants Higginbotham, Scarberry, Withers, and Parsons, or in the alternative, to exercise the Court's discretion under Rule 4(m) to extend the time for service of all Defendants to fourteen days after this Court's Order. *See id.* at 13. Plaintiff also asks the Court to decline to dismiss the case. *Id.*

## DISCUSSION

### I. Timing of Service

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "Good cause" requires a "showing of diligence on the part of the plaintiffs." *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019). "[G]ood cause is commonly found to 'exist[] when the failure of service is due to external factors, such as the defendant's intentional evasion of service,' but 'significant periods of inactivity' and a 'fail[ure] to seek

extension of time before [the] deadline [has] lapsed' tend to undercut any claim of good cause." *Gelin v. Shuman*, 35 F.4th 212, 218 (4th Cir. 2022) (quoting *Attkisson*, 925 F.3d at 627). Yet, "under Rule 4(m), a district court possesses discretion to grant the plaintiff an extension of time to serve a defendant with the complaint and summons even absent a showing of good cause by the plaintiff for failing to serve the defendant during the 90-day period provided by the Rule." *Gelin v. Shuman*, 35 F.4th at 220.

Here, Defendants Higginbotham and Parsons were served one day after the ninety-day period for service ended, and Defendants Scarberry and Withers were served eight days after the period ended. Resp. Order Show Cause, at 1. Plaintiff provides minimal explanation for the delay in service, only stating that the notification system of the nationwide private process serving company he employed "indicates that it had difficulty employing persons to accomplish service." *Id.* at 3. He does not specify when he requested service from the company, how long any delay was, nor any efforts he made to accomplish service after receiving this notification. Plaintiff also never sought an extension of time. *See Gelin v. Shuman*, 35 F.4th at 218. Moreover, the proof of service for Defendant Higginbotham indicates that the process server received the summons for service the day after the ninety-day period for service ended. ECF No. 5-2.[1] This is not diligence. Since good cause requires diligence, the Court is unable to find that good cause exists here. *See Attkisson*, 925 F.3d at 627.

While the Court has discretion to grant Plaintiff an extension notwithstanding finding that good cause does not exist, the Court declines to do so here. *See Gelin v. Shuman*, 35 F.4th at 220. There is no indication that Defendants Higginbotham, Scarberry, Withers, or Parsons had notice of the action within ninety days of the Complaint's filing. *Cf. Fields v. Norfolk & S. Ry. Co.*, 924

[1] This was the only proof of service document that included the date on which the process server received the summons.

F. Supp. 2d 702, 711 (S.D. W. Va. 2012); *Morgan v. Sebelius*, No. CIV.A. 3:09-1059, 2010 WL 1404100, at *2 (S.D. W. Va. Mar. 31, 2010). While the Court appreciates that the statute of limitations has now run, there may still be avenues for relief through the claims against the timely-served Defendant City of Milton and potentially against Defendants Higginbotham, Scarberry, Withers, and Parsons in their official capacities.

**II. Form of Service**

"A summons must . . . be signed by the clerk; and bear the court's seal." Fed. R. Civ. P. 4(a)(F)–(G). Yet, a "court may permit a summons to be amended." *Id.* at 4(a)(2). "When the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction," and "every technical violation of the rule or failure of strict compliance may not invalidate the service of process." *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). Where the first service is technically deficient, the Fourth Circuit has held that, at least in some circumstances, plaintiffs should be given another reasonable opportunity to execute valid service of process. *See Vorhees v. Fischer & Krecke*, 697 F.2d 574, 576 (4th Cir. 1983).

Here, Plaintiff served copies of the Complaint that omitted the civil action number and summonses that omitted the civil action number, the Clerk's signature, and the Court's seal on all Defendants. Since Federal Rule of Civil Procedure 4(a) requires summons to include the clerk's signature and the court's seal, Plaintiff's summonses and corresponding service were defective. *See* Fed. R. Civ. P. 4(a)(F)–(G). As the Fourth Circuit reminds us, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Armco*, 733 F.2d at 1089. The question then is whether to permit the summons to be amended nonetheless. *See* Fed. R. Civ. P. 4(a)(2).

Having previously decided that service of the individual Defendants was untimely, the Court will focus its analysis on the service of Defendant City of Milton. When Plaintiff served the City of Milton with the summons and Complaint, it had actual notice of the action. Accordingly, the rules here should be construed liberally. *See Armco*, 733 F.2d at 1089. Considering that the City of Milton had actual notice of the action within ninety days of filing the Complaint, no party would be prejudiced by the delay, and to avoid the harsh result of dismissing a case now subject to a statute of limitations bar, Plaintiff should be given another opportunity to execute service on the City of Milton. *See Vorhees*, 697 F.2d at 576. Accordingly, the Court will grant Plaintiff's request for a fourteen-day extension for service of process on Defendant City of Milton.

**III. Remaining Claims**

Finding that service on Defendants Higginbotham, Scarberry, Withers, and Parsons was untimely, that good cause does not exist, and declining to extend the time for service, the claims against Defendants Higginbotham, Scarberry, Withers, and Parsons in their individual capacities are dismissed. By granting Plaintiff additional time for service of process on Defendant City of Milton, the Court will not dismiss the claims against Defendant City of Milton at this time. Less clear-cut is the status of the claims against Defendants Higginbotham, Scarberry, Withers, and Parsons in their official capacities.

Plaintiff urges the Court to consider service on the City of Milton as sufficient service for the official capacity suits. *See* Resp. Order Show Cause, at 4–5. Plaintiff highlights that "[a]n official-capacity suit against a municipal officer is, in all respects other than name, a suit against the municipality itself." *Id.* at 4 (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).

Yet, in the Fourth Circuit, the issue of who must be served for an official capacity suit appears to be an open question. Accordingly, the Court will not dismiss the official capacity claims

against Defendants Higginbotham, Scarberry, Withers, and Parsons but invites briefing on the issue at a later time.

**CONCLUSION**

Accordingly, the Court **DISMISSES** the claims against Defendants Higginbotham, Scarberry, Withers, and Parsons in their individual capacities without prejudice. The Court **GRANTS** Plaintiff's request for a fourteen-day extension for service of process for Defendant City of Milton.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: October 29, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE